Motion For Attorney Representation
Mitchell-vs-Dart Dk.#14cv8154
Bullying & Hazing
The Honorable Judge Joan H. Lefkow

Darrico D. Mitchell
K76458
Stateville Corr. Center
P.O. Box 112
Joliet, Illinois 60434

**Self Notary**
Notarized under and by 735 ILCS 5/1-109,
Under penalty of perjury this __07__ day of __September__ 2015
                                    Day              Month         Year
Darrico Dewayne Mitchell

To: Judge Joan H. Lefkow

FILED
SEP 14 2015
9-14-15   EAA
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

I am writting to inform you that two (2) of the three (3) Court appointed attorneys, both of whom were appointed to represent me in Civil cases against Cook County and their employees, I believe they (Court appointed attorneys) were Corrupted by COOK COUNTY (and their Connections) to prevent Me (Darrico Dewayne Mitchell) from recieving justice and/or Compensation.

The person of interest in this matter is Andrew Kopon Jr., KOPON/HIRDO of which you (Judge Lefkow) appointed to represent me in Civil cases against Cook County in the Case entitled Mitchell-vs-Dart Dk#14cv8154. Mr. Kopon told me back in late January 2014, that Cook County did not have of the Surveilance Camera footage related to such case (Mitchell-vs-Dart Dk#14cv8154), because it is their (Cook County's) policy to tape over such footage (Surveilance Camera footage) after thirty (30) days. Which is when and Why I wrote (A.R.D.C) Attorney Registration and Disciplinary Commission of the Supreme Court and Notarized letter/Complaint (of which I have attached along with this letter/Motion)(which is exhibit seven (7) in the legal malpractice suit I filed against Andrew Kopon Jr.)(I have also attached the response from A.R.D.C)(which is exhibit eight (8) of such legal Malpractice suit)(Andrew Kopon Jr. in relation to Darrico Dewayne Mitchell NO. 2015 IN00844). Due to the fact I knew Andrew Kopon Jr's statement to me to be untrue, due to the fact, the grievances/complaints I filed were submitted within 15 days of the event and such grievances/complaints were issued Control #'s/ Inmate Grievance #'s and such incidents were reffered to (O.P.R) Office of Professional Review and/or (CIID) Criminal Investigation Intelligence Department due to on going investigations. Which means that O.P.R and/or CIID has to have such Surveilance Camera footage, of which I informed Andrew Kopon Jr., before he (Andrew Kopon Jr.) withdrew as my attorney. **Note:** Which is why I request you (Judge Lefkow) grant this motion for Court appointed Councel

Mitchell-vs-Dart
14cv8154

page ①

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

Mitchell-vs-Dart
14cv8154

1. Name: Darrico Dewayne Mitchell    Jail I.D. # 2013-0922136
Street address: 2650 S. California Ave
City: Chicago    State: ILLINOIS    Zip: 60608
Home phone: N/A    Work phone: N/A    Cell phone: N/A
E-mail address: N/A

2. Name of lawyer/person I want to be investigated: Andrew Kopon Jr.
Name of law firm or business: KOPON AIRDO
Street address: 233 South Wacker drive,    Suite: 4450
City: Chicago    State: Illinois    Zip: 60606
Phone: 312-506-4450, direct line: 312-506-4470

3. Have you previously contacted ARDC regarding this matter? NO

4. Did you employ the lawyer/person you are complaining about: NO
(The lawyer was recruited by U.S. District Court/Judge Joan H. Lefkow)
Appointed Counsil from U.S. District Court, due to the fact I am Indigent, Mentally Ill and have been Victimized

5. Name of Court: U.S. District Court    Case # and Title: Darrico D. Mitchell -vs- Thomas Dart   14C8154

I am requesting an investigation be opened against Andrew Kopon Jr./ KOPON AIRDO, due to the fact, November 4, 2014 the U.S. District Court/ Judge Joan H. Lefkow recruited Council to represent me in an Civilsuit of Bullying and Hazing (Darrico D. Mitchell -vs- Thomas Dart 14C8154) against Cook County DOC/Jail about/of jail officials Violating my Constitutional rights by embarking an Campaine of harrasment against me. More specifically, Correctional Officers and fellow inmates persistently poking me with Sharp needle point objects,    Exhibit ⑦

Case: 1:14-cv-08154 Document #: 33 Filed: 09/14/15 Page 3 of 7 PageID #:393

Mitchell-vs-Dart
14cv8154

page 2

Mitchell-vs-Dart
14cv8154

# ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
## of the
# SUPREME COURT OF ILLINOIS

Sexually assaulting me, adulterating my food, and engaging in other acts of bullying and hazing, an lawsuit that consist twelve (12) related claims (of which I filed grievanced complaints about/of) all of which I recieved an Inmate Grievance Response, containing an Inmate Grievance Numbers a.k.a Control Numbers. Andrew Kopon Jr./ KOPON AIRDO have only come to visit with me once since being assigned to my case (about three (3) weeks after being assigned to my case) When and Where I gave KOPON AIRDO (rep) copies of such grievances/complaints, as well as the responses to such grievances and twelve (12) related claims in each of the twelve (12) grievanced complaints I file about/of such incidents of bullying and hazing I stated in the body of such grievances/complaints; that each incident happened in full and clear view of Sercurity Cameras, also the responses I recieved about/of such grievanced complaints Stated such grievanced complaints were forwarded to (C I I D) Criminal Investigation Intelligence Department, due to an ongoing investigation and/or reffered to (O.P.R) Office of Proffesional Review. Also on Nine (9) out of twelve (12) grievanced complaints I marked the Sercurity Camera of such Division and tier, in the box that Inmate and/or detainees are supose to place the names of wittnesses. (I stated the Sercurity Cameras as my wittness).

   January 23, 2015 I called KOPON AIRDO to check up on the case (Darrico D. Mitchell-vs- Thomas Dart 14c8154) I was told per KOPON/AIRDO rep., that Cook County DOC/Jail was being difficult about releasing the Sercurity Camera footage (that can verify my claims) and that they (KOPON AIRDO) had

# ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
## of the
## SUPREME COURT OF ILLINOIS

to file an lawsuit against the State and/or Cook County to recieve such Sercurity Camera footage. I was also told they (KOPON/AIRDO) would have all such Sercurity Camera footage within 7 to 10 days, he (KOPON/AIRDO rep.) also stated he sent me an letter and that such letter would make it to me by Monday, January 26, 2015, (I never recieved such letter) which is, when and where I informed KOPON/AIRDO rep. My Outgoing and incoming mail is being purposely mishandled by Cook County jail officials.

February 10, 2015, I called Andrew Kopon Jr. direct line and spoke to him, he (Andrew Kopon Jr.) told me that Cook County Jail explained to him and/or told him, that the Sercurity Camera footage, here at Cook County Doc/Jail is only kept up to Thirty (30) days, then such Sercurity Camera footage is remaved by being recorded over ("or taped over") (as Andrew Kopon Jr., so said it) and that I would not have the evidence to prove and/or verify my case because of such and that I should request that Camera footage be preserved on previous grievances/Complaints file by me. He Andrew Kopon Jr. allowed Cook County reps. to tell him this, and then Andrew Kopon Jr. had the odessity to tell me this, Even after I had presented to him and/or given him the grievanced Complaints I filed about/of each of the twelve (12) claims, that stated in the body of each grievanced Complaint; that all incidents were in view of Sercurity Cameras, also at the bottom of 9 out of 12 grievances / Complaints, where such grievances/Complaints ask for names of wittness, I named the Sercurity Cameras

# ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
## of the
## SUPREME COURT OF ILLINOIS

On Such Divisions and tiers as the wittness that can verify my claims of such Bullying & Hazing. I also gave KOPON/AIRDO rep. copies of the responses I recieved to such grievances/complaints that stated my grievances/complaints were forwarded to O.P.R and/or CIID, due to an on going investigation which means if such seccurity camera footage was discarded by Cook County DOC/Jail, and not perserved; that Cook County DOC/Jail knowenly destroyed evidence, which would be or is an conspiricy to committ and conceal. And considering the fact Andrew Kopon Jr. is an licensed Attorney; he should know that Cook County DOC/Jail had committed an crime by discarding, destroying and/or not perserving such camera footage. Which is the reason I'm writting you (A.R.D.C) about the deliberate ineffective council I am recieving from Andrew Kopon Jr./KOPON AIRDO I am mentally ill and uncapable of filling an motion with in the U.S. District Court about such ineffective Council

P.S.

I filed another lawsuit against C.C.Doc/Jail about/of C.C.Jail officials committing White Collar Crimes, such as Duty of Process; Deference, Trickery, Fraud ect., ect. (Case# 14c9895 was consolidated with 14c8154

I have read this statement that I have voluntarily made, consisting of 4 pages and I solemnly swear that the facts and allegations contained with in are true and correct to the best of my knowlegde.

Complainant's Signature: _Darius Mitchell_   Date: 02/19/15

State of Illinois )
County of Cook )

Signed and Sworn before me on 2-19-2015 by _Darrico Dewayne Mitchell_

"OFFICIAL SEAL"
Teresa D. Jones
Notary Public, State of Illinois
Commission Expires November 29, 2015

Signature of Notary Public



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320


Mitchell-vs-Dart
14cv8154

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Darrico Dwayne Mitchell
20130922136 Div. 8
P. O. Box 089002
Chicago, IL  60608

Chicago
March 4, 2015

Re:   Andrew Kopon, Jr.
      in relation to
      Darrico Dwayne Mitchell
      No. 2015IN00844

Dear Mr. Mitchell:

We have received your request for an investigation of Andrew Kopon, Jr.

Initially, as you may know, the duties of this Commission relate primarily to investigating and prosecuting allegations of professional misconduct against attorneys. When we have sufficient evidence of serious misconduct by an attorney, we may initiate proceedings seeking disciplinary sanctions against the lawyer, such as suspension or disbarment from the practice of law. We cannot provide you with any legal advice or assistance and cannot intervene in your legal matters in any way.

From the information you have provided, there is not a sufficient basis for this agency to investigate or pursue charges of professional misconduct against Mr. Kopon. You allege that the attorney informed you that jail officials advised him that security camera footage of the incidents you filed grievances about had not been preserved. You also allege that Mr. Kopon suggested that you specifically ask that camera footage be preserved if you file future similar grievances. We do not see how either of these allegations indicates possible misconduct by Mr. Kopon.

If you suspect that the jail is lying and really did preserve the footage of the incidents, we suggest that you discuss your suspicion and possible legal alternatives with Mr. Kopon. If you are alleging that the jail acted criminally by failing to preserve the security camera footage, you may direct your allegations to criminal law enforcement authorities. Mr. Kopon would not have any ethical obligation to assist you in pursuing criminal charges against jail officials.

Finally, even if we could conclude that Mr. Kopon could or should be doing something more on your behalf with respect to the security footage issue, this would not warrant further proceedings against him before this Commission. Isolated judgment errors and instances of

Exhibit
8



ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS
www.iardc.org

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, IL 60601-6219
(312) 565-2600  (800) 826-8625
Fax (312) 565-2320

Mitchell-vs-Dist
14cv8154

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523  (800) 252-8048
Fax (217) 546-3785

Darrico Dwayne Mitchell
March 4, 2015
Page 2

negligent representation by lawyers may give rise to civil claims for legal malpractice, but rarely warrant professional discipline.

For the reasons stated above, we have made a preliminary determination to take no action with respect to your request. If you have additional information that you believe shows misconduct by the lawyer or if you believe that we have misunderstood your complaint, please write to me within fourteen days or contact Commission paralegal Theresa Waters by telephone at our Chicago office. If we do not receive any further communication from you, we will proceed no further.

Very truly yours,

Althea K. Welsh
Senior Counsel

AKW:ck
MAINLIB_#586458_v1

Exhibit 8